## GEORGE W. NANCE, JR., ET AL.
### v.
## GEORGE W. NANCE, SR., ET AL.

*Husband and Wife—Release of Homestead and Dower—Resulting Trusts—Bill to Enforce and Declare—Evidence—Sec. 2, Chap. 51, R. S.*

1. In chancery one defendant is competent to testify in behalf of a co-defendant on a question in the decision of which he has no interest. This rule is not impaired by Chap. 51, Revised Statutes.

2. A wife who releases her right to homestead and dower in the family home in consideration of being paid an adequate share of the purchase money, is reinvested with such rights upon the application of such share in part payment of a new one.

3. Upon a bill filed by the administrator of the wife and certain of her heirs against the husband to declare and enforce a resulting trust, on account of the re-investment of money allowed the wife for her homestead and dower in a farm, it is *held:* That the transaction in controversy simply amounted to the transfer of the wife's rights of homestead and dower from one piece of property to another; and that the bill was properly dismissed.

[Opinion filed May 25, 1888.]

IN ERROR to the Circuit Court of Menard County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. N. W. BRANSON and S. H. BLANE, for plaintiffs in error.

Where real estate is purchased and paid for with funds belonging to two purchasers, but the legal title thereto is taken in the name of but one only of the purchasers, a resulting trust arises, by implication of law, in favor of the other purchaser, to the extent and in proportion to the amount of the consideration paid by him. This trust arises upon the allegation and proof of the ownership of the funds used in making the purchase, and does not depend upon the contract of the parties made anterior thereto, and hence is not affected by the statute of frauds, and may be established by parol evidence. It results from the fact that one man's money has been invested

in land, and the conveyance taken in the name of another. It is immaterial whether the purchase was made and the money paid by the trustee or the *cestui que trust*. This may be done by either without the knowledge of the other. No matter how or by whom done, by mere operation of law a trust is raised in favor of the party whose money was used to purchase the land, either to the whole or his equivalent portion of the land. Seaman v. Cook, 14 Ill. 501; Bruce v. Roney, 18 Ill. 67; Smith v. Smith, 85 Ill. 189; Loften v. Witboard, 92 Ill. 461; Latham v. Henderson, 47 Ill. 185; Ward v. Armstrong, 84 Ill. 151; Wallace v. Carpenter, 85 Ill. 590; 4 Kent, 306.

If a husband purchases lands with the separate estate of his wife in his hands and takes the title in his own name, a trust results to the wife. 1 Perry on Trusts, § 127, 2d Ed., and numerous authorities cited.

If a trustee in a resulting trust converts the trust property contrary to his duty, the *cestui que trust* has the option to hold him responsible personally, or to follow the property if not held by a *bona fide* purchaser, without notice, or to pursue the proceeds or the substituted property. 4 Kent, 307; Seaman v. Cook, 14 Ill. 501, 505; Roberts v. Opp, 56 Ill. 34.

Messrs. T. W. McNEELY and EDWARD LANING, for defendant in error.

CONGER, P. J. This is a proceeding in chancery, instituted by plaintiffs in error, the administrator and a portion of the heirs of Elizabeth Nance, deceased, against George W. Nance, Sr., the husband of said deceased, and the remaining heirs of said Elizabeth, to declare and enforce an alleged resulting trust.

The claim, as made by the plaintiffs in error, is that in 1874 defendant, George W. Nance, Sr., was the owner of sixty acres of land, which he had bought and paid for himself, upon which he resided with his wife, Elizabeth, deceased; that at that time defendant, Nance, sold the land for $2,400; that his wife, Elizabeth, refused to sign the deed, and thereby release her right of dower and homestead, unless one of the notes for

$800, to be given in payment, was made payable and given to her as her own property; that this was done.

Afterward, on March 14, 1876, defendant, George W. Nance, Sr., bought lots four, five and six, in block twenty-nine, in Taylor's addition to the city of Petersburg, for $2,000, and in paying for the same used the $800 note given to his wife out of the previous sale, and a note of $200 on one Shipp, claimed by plaintiffs in error as also being the property of said Elizabeth, thereby, as plaintiffs insist, using his wife's property to the extent of $1,000, or one-half of the amount paid for the property thus purchased.

Nance and his wife moved into the home standing on this property soon after purchasing it, and it remained their residence and homestead until the death of Mrs. Nance, on April 11, 1881, a period of about five years.

On the 14th of May, 1881, defendant sold these premises for $1,650. On January 13, 1883, an administrator was appointed upon the estate of the said Elizabeth, and the bill in this case was filed August 31, 1883.

The testimony in relation to the Shipp note is quite unsatisfactory and by no means sufficient to show clearly that it was the property of Mrs. Nance. We think the Circuit Court decided properly in holding the equities of the case were not with the plaintiffs.

We think the whole transaction was a mere exchange of homes upon the part of defendant Nance, assented to by his wife, by which her right of dower and homestead were transferred from the farm to the town property.

When the sale was made of the land, the wife might, if she had doubts as to her husband's financial ability to care for and protect the proceeds arising therefrom, insist that such portion as they might, by agreement between themselves, think a fair equivalent for her interest in the property should be secured to her and placed under her control and management. And when a new home is purchased and this same note is, by the wife, placed in the hands of the husband and used as part of the purchase price, in the absence of other and controlling circumstances, the natural and reasonable presumption

would be that her note was being used to invest her with her rights in a new home in place of the one which she lost when the farm was sold.

The moment Vance became seized of the town property, his wife thereby became vested with her dower interest therein, and when they removed to it, with her rights of homestead; and it would be quite unreasonable to suppose that such a result as is claimed by plaintiffs in error was intended between husband and wife, dealing at arm's length, as strangers, and upon business principles.

It is insisted by counsel for plaintiffs in error that William and A. L. Nance were not competent witnesses on the part of defendant in error, as they were sons and heirs of Elizabeth Nance, deceased, and parties defendant to the bill. We think they were clearly competent. It has always been held in courts of chancery that one defendant was competent to testify in behalf of a co-defendant on any question in the decision of which he had no interest, and chapter 51 of the Revised Statutes, entitled "Evidence and Depositions," has in no manner impaired that rule. Bradshaw v. Combs, 102 Ill. 432; Greenleaf on Ev., Sec. 361. These witnesses had no interest in common with their father, but their interest was adverse to him; for whatever could be taken from him and transferred to their mother's estate benefited them as well as the plaintiffs in error.

Again, under Sec. 2 of Chap. 51, they were not disqualified. That section provides: "That no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his *own* motion or in *his own behalf* by virtue of the foregoing section, etc."

While they were parties to the suit they did not testify of their own motion or in their behalf.

They were called by their co-defendant, George W. Nance, Sr., to testify in his behalf and against their own interest. Unster v. Zimmerman, 7 Ill. App. 160.

Believing the decree of the Circuit Court in dismissing the bill to be right, it will be affirmed.

*Decree affirmed.*